**IN THE UNITED STATES DISTRICT COURT FOR**
**THE CENTRAL DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **BRITTANY MOLLOY**<br>**North Brookfield, MA 01535**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AGELESSRX, INC.**<br>**2370 E. Stadium Boulevard, #2049**<br>**Ann Arbor, MI 48104**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT</u>**

## I. INTRODUCTION

Plaintiff, Brittany Molloy, brings this action against her former employer, AgelessRx, Inc. ("Defendant"). Defendant terminated Plaintiff's employment because of her sex and her pregnancy, shortly after she disclosed her pregnancy and related maternity leave needs to her supervisor. Defendant engaged in discriminatory conduct towards Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Massachusetts Fair Employment Practices Act, as amended, M.G.L. c. 151B, *et seq.* (“Chapter 151B”)

## II. PARTIES

1. Plaintiff, Brittany Molloy, is an individual and a citizen of the Commonwealth of Massachusetts, residing in North Brookfield, MA 01535.

2. Plaintiff is female.

3. Defendant, AgelessRx, Inc., is a Delaware corporation with a principal

place of business at 2370 E. Stadium Boulevard, #2049, Ann Arbor, MI 48104.

4. Throughout her employment with Defendant, Plaintiff worked remotely from her home in Massachusetts.

5. Defendant is engaged in an industry affecting interstate commerce.

6. At all times material hereto, Defendant employed more than fifteen (15) employees.

7. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8. At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

10. The causes of action which form the basis of this matter arise under Title VII and Chapter 151B.

11. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

12. The District Court has supplemental jurisdiction over Count II (Chapter 151B) pursuant to 28 U.S.C. § 1367.

13. The District Court has jurisdiction over Counts I and II on diversity grounds as Plaintiff is a citizen of Massachusetts and Defendant is not a citizen of Massachusetts and as the amount in controversy is in excess of $75,000.

14. Venue is proper in the District Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f).

15. On or about July 24, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the Massachusetts Commission Against Discrimination ("MCAD"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the Charge of Discrimination (with personal identifying information redacted).

16. At all material times, Plaintiff was represented by counsel at the EEOC.

17. On or about August 29, 2025, the EEOC issued a Determination and Notice of Rights for her Charge of Discrimination.

18. The Plaintiff did not receive the Right to Sue until July 6, 2026.

19. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action and has timely filed this Complaint.

## IV. <u>FACTUAL ALLEGATIONS</u>

17. Plaintiff was hired by Defendant on or about December 2, 2024, as a Customer Experience Specialist ("CES").

18. As a CES, Plaintiff was responsible for supporting Defendant's patients and customers, including by answering customer questions regarding Defendant's electronic medical record portal, answering patient and customer phone calls during scheduled phone hours, communicating with the customer support team to ensure adequate patient and customer support, and assisting patients and customers in creating, canceling, and pausing subscriptions to Defendant's various offerings.

19. Defendant is a health company purportedly focused on healthy aging and empowering its customers to diminish the impacts of aging through the sale of various supplements and services, including diagnostic services.

20. As a CES, Plaintiff worked remotely from her home in Massachusetts.

21. Plaintiff reported to Amber Harris, Manager, Customer Experience (“Harris”).

22. Harris reported to Tiffany Klecker, Director, Customer Experience (“Klecker”).

23. Plaintiff was also assigned a “Lead,” Natalie Bedillion (“Bedillion”), who was tasked with monitoring Plaintiff’s performance to certain metrics and ensuring adequate onboarding.

24. Plaintiff was not pregnant when Defendant hired her on December 2, 2024.

25. At all times material hereto, Plaintiff performed her job duties in an excellent manner.

26. Plaintiff worked to praise by Defendant, including in connection with Defendant sharing feedback that Plaintiff had acclimated quickly to Defendant’s organization and was working to all expectations.

27. At the end of March 2025, Plaintiff told Harris that she was pregnant over a Google Meet video conference.

28. Plaintiff also shared her initial plans for a maternity leave and assured Harris that she would return to work promptly.

29. Harris looked visibly concerned upon learning that Plaintiff was pregnant.

30. Harris expressed concerns about Plaintiff’s ability to “commit” to the

expected hours of work with her pregnancy.

31. Plaintiff assured Harris that her pregnancy would not impact her performance and reminded Harris that she was working to praise from Defendant, including by way of recent positive feedback from Bedillion.

32. At no time did Plaintiff receive any performance warnings or documented coaching or progressive discipline.

33. On or about May 15, 2025, Plaintiff was notified of her termination, effective immediately, by Harris and Wesley Geevarghese, Human Resources.

33. The stated reason for Plaintiff's termination was that "it was not working out."

34. When Plaintiff asked what Defendant meant by “it was not working out,” she was told that no other information would be provided to her.

35. Plaintiff thereafter emailed Harris asking for clarification as to what was meant by “it was not working out,” and Harris referred to “challenges,” but did not identify what the alleged “challenges” were.

36. Before Plaintiff disclosed her pregnancy to Defendant, Defendant never referred to “challenges” in connection with Plaintiff's employment or indicated that “it was not working out.”

37. Before Plaintiff disclosed her pregnancy, she did not have any indication that her job was in jeopardy.

38. Following Plaintiff's termination, her job duties have been performed by employees who are not pregnant.

39. Defendant terminated Plaintiff's employment within approximately two

(2) months of Plaintiff disclosing her pregnancy.

40. Defendant's stated reason for terminating Plaintiff's employment, that "it was not working out," is false and pretextual for unlawful discrimination.

41. Defendant failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

42. Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including by way of terminating her employment.

43. Plaintiff's pregnancy was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including by way of terminating her employment.

44. Plaintiff's anticipated need for pregnancy/maternity related leave was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff.

45. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

46. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

47. Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

**COUNT I - Title VII**

46. Plaintiff incorporates herein by reference the paragraphs above as if set forth herein in their entirety.

47. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

48. Said violations were done with malice and/or reckless indifference.

49. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

51. No previous application has been made for the relief requested herein.

**COUNT II - Chapter 151B**

52. Plaintiff incorporates herein by reference the paragraphs above as if set forth herein in their entirety.

53. Defendant, by the above improper and discriminatory and retaliatory acts, has violated Chapter 151B.

54. Said violations were intentional and willful.

55. As a direct and proximate result of Defendant's violation of Chapter 151B, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

56. Plaintiff is now suffering and will continue to suffer irreparable injuries and

monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

57. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a. declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of Chapter 151B;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding punitive and/or treble damages to Plaintiff;

(h) awarding Plaintiff such other damages as are appropriate under Title VII and Chapter 151B;

(i) awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: October 5, 2026 BY: ______________________________

Katherine C. Oeltjen, Esquire
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
oeltjen@consolelaw.com
(215) 545-7676

*Attorney for Plaintiff, Brittany Molloy*